[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff to recover the proceeds of a $7,000.00 check signed by the plaintiff and made payable to the defendant. The action is brought on two counts, the first alleging conversion of funds and the second count alleging theft. The plaintiff claims money damages, punitive damages, treble damages, attorney's fees, costs and further relief as the Court may deem appropriate.
In response to this action the defendant has filed an CT Page 11331 amended answer and counterclaim in two counts claiming (1) unjust enrichment on the part of the plaintiff for services rendered to the plaintiff by the defendant over a period of several months in the 1992-1993 period and (2) a count on quantum meruit in the amount of $8,760.00 for services rendered.
At a Court trial conducted on November 17, 1993 the following facts were claimed to have been proved by the parties in this action:
The plaintiff, over eighty years of age, had lived with her ailing husband in the family home in Avon, Connecticut for many years. She had worked at Ensign-Bickford, a local factory, for over fifty years. Because her husband was in ill health and her health was also failing, she decided to sell the family home and move to an elderly complex in Unionville, Connecticut.
She had a granddaughter by the name of Shontelle LaRochelle who was very friendly with the defendant, Deborah Porter and lived with the defendant both in Florida and Maine over several previous years in a close relationship.
Deborah Porter volunteered to assist the plaintiff with her financial affairs in 1992 including the making out of checks in the plaintiff's check book which the plaintiff then would sign. On different occasions, the plaintiff would also sign checks in blank to assist the defendant to complete the check for the payment of the bills. At one point in time, the defendant had possession of the check book.
In January of 1993, the plaintiff sold her home and deposited the proceeds of the sale in her checking account. Thereafter, the defendant filled out a signed blank check payable to herself for $7,000.00 and went to Florida, joining the plaintiff's granddaughter and gave to the plaintiff's granddaughter $2,000.00 for the payment of various bills which Shontelle had incurred, retaining the $5,000.00 for the purchase of a second hand car.
The plaintiff then commenced this action in February, 1993 after learning of the $7,000.00 withdrawal by the defendant.
There is, of course, conflicting testimony on whether CT Page 11332 the plaintiff intended to make a gift to the defendant of any sum of money to purchase a car.
The question of services furnished by the defendant to the plaintiff on the counter-claim will be reviewed shortly.
However, there are statements from both the plaintiff and other persons that the plaintiff wanted the defendant to have some money for a car. At one point, the plaintiff was visiting the grandmother of the defendant in Maine, Mrs. Nellie Davis, and she stated to Mrs. Davis that she would give $5,000.00 to the defendant after her house settlement. She also testified that the defendant was very attentive to the plaintiff while they were in Maine, waiting on her and helping her in the bathtub.
In order to prove the conversion, the plaintiff must show that the defendant without authorization, assumed and exercised a right of ownership of the plaintiff's checkbook, to the exclusion of the plaintiff.
Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another to the exclusion of the owner's rights. Falker v. Samperi, 190 Conn. 412, 419 (1983).
In any event, the Court is satisfied that based on representations made by the plaintiff, the defendant was justified in executing the check for $7,000.00; paying Shontelle or her creditors $2,000.00 and retaining the balance of $5,000.00 for the purchase of an automobile.
The plaintiff has failed to sustain her burden of proof on her complaint.
With respect to the counter-claim for services rendered by the defendant to the plaintiff in the Fall of 1992, there is no question that the defendant was extremely helpful to the plaintiff in preparing the home for sale; disposing of accumulated materials, laundry, etc. It should be noted that the defendant was, in fact, out of work at that moment in time and was by good fortune available to help the plaintiff.
A party may recover under the remedy of quantum meruit when the trier of fact determines that an implied contract for CT Page 11333 the services existed between the parties, and as a result the party is entitled to a reasonable value for the services rendered. Rossetti v. New Britain, 163 Conn. 283, 292 (1972). A contract implied in fact, like an express contract, requires an actual agreement. The facts as offered by the defendant suggests neither of these positions.
The defendant also claimed that the plaintiff had signed the $7,000.00 check after it was made out. She also testified that of the $2,000.00, $1836.00 was used to pay bills on Shontelle's behalf.
However, the most telling factor in the validity of the counter claim was revealed on cross examination when the defendant admitted that she was only making a counter claim because the law suit had been brought! Such candor is truly appreciated by the court.
The memory of the plaintiff was very selective and very poor as is fairly common with elderly people.
Nevertheless, burdens of proof must be sustained.
For reasons stated above, the court finds for the defendant on the complaint and for the plaintiff on the counter claim.
No costs are awarded.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT